UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLARA GIANNA GALLUSZ,<br>Plaintiff-Appellant,<br>v.<br>LPP MORTGAGE, INC.,<br>Defendant-Appellee. | Case No.: 25-cv-02199-CAB-VET<br>Bankruptcy Court Case No.: 25-01678-JBM13<br>**ORDER AFFIRMING THE BANKRUPTCY COURT** |

This matter comes before the Court on Plaintiff-Appellant Klara Gianna Gallusz's ("Gallusz") appeal of an order by the United States Bankruptcy Court that lifted the automatic stay against Defendant-Appellee LPP Mortgage, Inc. ("LPP"). [Doc. No. 1.] The matter is fully briefed. [*See* Doc. Nos. 13, 16, 18.] The Court has reviewed the parties' submissions and finds this matter suitable for determination on the papers. CivLR 7.1(d)(1). For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's decision.

## I. BACKGROUND

This appeal stems from a bankruptcy proceeding primarily involving Gallusz's residence. In 2005, Gallusz purchased the residence with a loan secured by a deed of trust on the residence. In 2024, Gallusz defaulted on that loan and LPP began the process of foreclosing on the property. On April 29, 2025, Gallusz filed a voluntary chapter 13 petition for bankruptcy. [Doc. No. 1 at 10.] LPP moved for relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 362(d)(4), which the Bankruptcy Court granted on

July 25, 2025. [Doc. No. 1 at 10; Doc. No. 6 at 5.] This meant that LPP could foreclose on Gallusz's residence despite the pending bankruptcy proceeding.

## II. LEGAL STANDARDS

This Court has jurisdiction over an appeal of a bankruptcy court's order granting relief from the automatic stay. *In re Nat'l Env't Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997). The bankruptcy court's discretionary decision to grant relief from the automatic stay is reviewed for abuse of discretion. *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). "Decisions committed to the bankruptcy court's discretion will be reversed only if based on an erroneous conclusion of law or when the record contains no evidence on which the bankruptcy court rationally could have based that decision." *Id.* (cleaned up). The Court determines whether the Bankruptcy Court abused its discretion using a two-part test: (1) first, a de novo determination of whether the bankruptcy court identified the correct legal rule to apply to the relief requested; and (2) if it did, whether the bankruptcy court's application of the correct legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

## III. DISCUSSION

As an initial matter, the sole subject of this appeal is the "Modified Order Lifting Automatic Stay" issued on July 25, 2025. [Doc. No. 1 at 1.] Thus, though Gallusz raises several other issues—like the Bankruptcy Court's alleged failures to address her objection to LPP's proof of claim ("POC") and her requests for accommodations under the Americans with Disabilities Act ("ADA")—the Court limits this opinion to the subject appeal only.[1]

---

[1] For example, Gallusz argues that the bankruptcy judge "grant[ed] only minimal accommodations" in response to her request for ADA accommodation, which resulted in the denial of her equal access to the courts. [Doc. No. 13 at 47–48.] Gallusz has not explained what accommodation she was denied or how she was deprived of equal access to the bankruptcy court. Nor has she explained how this issue should be considered in the context of this appeal.

### A. The Bankruptcy Court Applied the Correct Legal Rule

In a tentative ruling on LPP's motion for relief from the automatic stay, the Bankruptcy Court stated that Gallusz "opposes stay relief on several grounds, including that [LPP] lacks standing, there is no case and controversy, [LPP] has not filed a proof of claim and [LPP] has not proven it owns the note." [Doc. No. 12-2 at 285.] "The [bankruptcy c]ourt may easily dispense with the Debtor's arguments. Movant's motion and the associated declaration adequately demonstrate Movant's standing and possession of the note." [*Id.*]

At the subsequent hearing on the motion, the Bankruptcy Court "conclude[d] that the moving party has more than sufficiently demonstrated that it has standing to bring this motion. [The Bankruptcy Court judge] personally went through all of the chain of assignments and . . . connected the dots on the chain of assignments. We've got a declaration from the moving party who had the client representative actually physically go to the vault, look personally at the original promissory note in the vault, and that person has submitted their testimony that the note that is attached to the declaration is a true and accurate copy of that note. That's more than [the Bankruptcy Court judge] typically see[s] on a stay relief motion when a loan has been assigned. So the moving party has more than sufficiently carried their burden[.]" [Doc. No. 14 at 276–77.]

Under 11 U.S.C. § 362(d), a court may grant relief from the automatic stay "[o]n request of a party in interest and after notice and a hearing[.]" Gallusz says that LPP cannot be "a party in interest" because, according to her, the note's chain of ownership is defective. [*See* Doc. No. 6 at 32–33.] However, "[g]iven the limited nature of the relief obtained through a motion for relief from the stay, the expedited hearing schedule § 362(e) provides, and because final adjudication of the parties' rights and liabilities is yet to occur, [the Ninth Circuit Bankruptcy Panel] has held that a party seeking stay relief need only establish that it has a colorable claim[.]" *In re Veal*, 450 B.R. 897, 914–15 (B.A.P. 9th Cir. 2011). In order to establish a "colorable claim" in this context, a creditor need only demonstrate that it has a colorable claim to receive payment under the subject note, which it can accomplish

by establishing that it is a "person entitled to enforce" the note. *Id.* at 917–918. Relevant here, a "person entitled to enforce" a note means (a) the holder of the instrument, or (b) a nonholder in possession of the instrument who has the rights of a holder. Cal. Comm. Code § 3301. Finally, a "holder" includes "the person in possession of a negotiable instrument that is payable either to [the] bearer or, to an identified person that is the person in possession." Cal. Comm. Code § 1201(b)(21)(A).

Here, the Bankruptcy Court applied the correct standard: "Movant's motion and the associated declaration adequately demonstrate Movant's standing *and possession of the note*." [Doc. No. 14 at 141.] *See also In re Cruz*, 516 B.R. 594, 602 (B.A.P. 9th Cir. 2014) (affirming relief from the automatic stay where movant did not have recorded trustee's deed but had declaration from employee who attended property sale); *In re Griffin*, 719 F.3d 1126, 1127 (9th Cir. 2013) ("We therefore conclude that [movant], by providing a copy of a copy of the note and a declaration establishing its possession of the original note, established prudential standing to file the motion for relief from the stay.").] The Bankruptcy Court also correctly stated that even if LPP had not filed a POC, "the Bankruptcy Code does not require [them] to file a claim prior to bringing a stay relief motion." [Doc. No. 14 at 141.] *Accord In re Hymes*, No. A12-00599-GS, 2013 WL 653060, at *3 (Bankr. D. Alaska Feb. 20, 2013) (unpublished) ("The validity of the underlying claim is not litigated in the relief from stay context. Nor is it necessary for a creditor to file a proof of claim as a precondition to obtaining stay relief.").

Though Gallusz relies heavily on *In re Veal*, it is readily distinguishable. There, the Ninth Circuit Bankruptcy Appellate Panel reversed an Arizona bankruptcy court's relief from stay order because the movant (Wells Fargo) did not have prudential standing to request relief from stay. In particular, Wells Fargo "did not show that it or its agent had actual possession of the [n]ote[.]" *In re Veal*, 450 B.R. at 917. And as the Bankruptcy Court found, that is not the case here.

The Court finds that the Bankruptcy Court applied the correct legal rule.

///

### B. The Bankruptcy Court's Application of the Legal Rule Was Not Illogical or Implausible

The second question is whether the Bankruptcy Court's application of the correct legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. Given LPP's submission of (1) copies of the note and (2) a declaration by LPP's records custodian that she had personally located the original note, [Doc. No. 12-2 at 8], the Court does not find the Bankruptcy Court's application of the legal standard for a motion for relief from stay was illogical, implausible, or without support in inferences that may be drawn from facts in the record.

## IV. CONCLUSION

Based on the foregoing, the Court finds that the Bankruptcy Court did not abuse its discretion in granting LPP relief from the automatic stay. The Bankruptcy Court's order is therefore **AFFIRMED**.

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: September 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge